ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE                           JS-6
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JOHN E. LEE (CBN 128696)
Assistant United States Attorneys
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3995
    Facsimile: (213) 894-2380
    E-Mail: john.lee2@usdoj.gov

Attorneys for Plaintiff
and Counter-Defendant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CV 04-2695-CBM(PLAx) |
| Plaintiff, | <u>JUDGMENT</u> |
| v. | |
| ABLE TIME, INC., a California corporation, | |
| Defendant, | |
| AND RELATED ACTION. | |

This matter came on for a jury trial, commencing on June 8, 2010. Plaintiff and Counter-Defendant United States of America (the "government") was represented by Assistant United States Attorney John E. Lee. Defendant and Counterclaimant Able Time,

Inc. ("Able Time") was represented by Elon A. Pollack, Esq., and Kayla R. Owens, Esq., of Stein, Shostak, Shostak, Pollack & O'Hara, and Robin R. Scroggie, Esq., of the Law Offices of Robin R. Scroggie.

On June 11, 2010, a jury impaneled in this case returned a verdict in favor of the government in its case-in-chief. (Docket No. 237.) The jury found for the government on the following issues: (1) the watches being imported by Able Time bore a mark that counterfeited a trademark duly registered and recorded by Tommy Hilfiger Licensing, LLC ("Tommy Hilfiger"), formerly Tommy Hilfiger Licensing, Inc., (2) Able Time's mark was likely to cause confusion with Tommy Hilfiger's registered and recorded trademark, and (3) the penalty amount assessed by Customs and Border Protection ("Customs") on Able Time, $32,940, was reasonable.

Thereafter, this matter was continued for Phase 2, a court trial of Able Time's counterclaim challenging the constitutionality of 19 U.S.C. § 1526(f) and various affirmative defenses. (Docket Nos. 6 & 7.) On July 2, 2010, the Court ordered further briefing regarding the constitutionality issue and other legal issues not requiring factual testimony. (Docket No. 248.)

On July 9, 2010, Able Time filed a motion for judgment notwithstanding the verdict. (Docket No. 250.)

On August 4, 2010, the parties filed a joint stipulation of facts relating to Able Time's counterclaim and affirmative defenses. (Docket No. 255.)

On September 7, 2010, Able Time filed motions for summary judgment as to its counterclaim and whether there was a seizure on which to base a penalty under 19 U.S.C. § 1526(f). (Docket Nos.

259, 260.) On October 18, 2010, the Court took Able Time's summary judgment motions under submission. (Docket No. 271.)

On October 26, 2010 and November 30, 2010, a court trial was held and this matter was thereafter submitted to the Court.

Having reviewed and considered the evidence and arguments presented by the parties,

IT IS ORDERED, ADJUDGED, AND DECREED as follows:

1. Judgment shall be and hereby is entered in favor of the plaintiff as to its claim for a civil penalty against Able Time pursuant to 19 U.S.C. § 1926(f). Within thirty (30) days of the filing date of this judgment, Able Time shall pay Customs the sum of $32,940.
2. Able Time's motions for judgment notwithstanding the verdict and for summary judgment are DENIED.
3. Able Time's counterclaim and affirmative defenses are meritless and Able Time shall take nothing by virtue of its counterclaim and affirmative defenses.

DATED:___July 7, 2011_____

_____
CONSUELO B. MARSHALL
Senior U.S. District Judge

Presented by:


_____/S/_____
JOHN E. LEE
Assistant United States Attorney

Attorney for Plaintiff
and Counter-Defendant
UNITED STATES OF AMERICA